FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2005 NOV 17 AM 9: 26

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONAL TENANT NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | **1:05-cv-1731-DFH-VSS** |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| RONALD N. BAILEY and DENBY BROWN, ) | |
| ) | JURY TRIAL REQUESTED |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, National Tenant Network, Inc. ("NTN"), for its Complaint against the Defendants, Ronald N. Bailey ("Bailey") and Denby Brown ("Brown"), alleges and states:

### JURISDICTION AND VENUE

1.     NTN is an Oregon corporation with its principal place of business in Lake Oswego, Oregon.

2.     Bailey resides in Marion County, Indiana.

3.     Brown resides in Marion County, Indiana.

4.     The Court has personal jurisdiction over all defendants.

5.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1332 and 2201 as there is complete diversity between the plaintiff and defendants and the amount or value of the amount in controversy exceeds $75,000, exclusive of costs and fees.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

### The Parties and Their Agreement

7.      NTN is engaged in the business of assisting landlords and rental agencies in the screening of tenants and prospective tenants, among other things.

8.      NTN operates primarily through a network of franchisees and licensees located throughout the United States.

9.      Since August 1995, Bailey and Brown have been licensees of NTN, operating a tenant screening office located in Indianapolis, Indiana.

10.     On or about August 31, 1995, NTN, Bailey and Brown executed the License and Venture Agreement and Addendum ("Agreement"), a true and accurate copy of which is attached to the Complaint as Exhibit A.

11.     Pursuant to the Agreement, Bailey and Brown were granted a license for ten years, with the option to renew that license for an additional ten year term. (Agreement, Sec. XII).

12.     Pursuant to the Agreement, Bailey and Brown were granted a territory that included all Indiana counties except for Harrison, Floyd, Clark, Lake and Porter Counties. (Agreement, Addendum at 1).

13.     Section XIII of the Agreement, captioned "Covenants and Restrictions," provides as follows:

> A.      During the Term of this Agreement or any extension thereof, the following covenants apply:
>
> * * *
>
> 2.      [Defendants] or [their] designated manager, shall devote all the time, energy and effort reasonably required for the management and operation of the NTN business granted hereunder.

3.      [Defendants] shall not, either directly or indirectly, for [themselves] or on behalf of or in conjunction with any other person, persons, partnership or corporation own, maintain, engage in, participate or have any interest in the operation of any other competing business, provided however, that:

a)      the above provisions relating to other interests in competing businesses shall not apply to any interest in additional NTN ventures.

B.      [Defendants] further covenant[] that during the term of this Agreement, or any extensions or renewals thereof, and for a period of two (2) years thereafter, regardless of the cause of termination [Defendants] shall not:

1.      Divert, or attempt to divert, any business of, or any customers of, the NTN business licensed hereunder to any other competitive establishment, by direct or indirect inducement or otherwise.

2.      Employ, or seek to employ, any person employed by "NTN" or any other person who is at that time operating or employed by or at any other NTN business, or otherwise directly or indirectly induce such persons to leave their employment thereat.

C.      [Defendants] further covenant[] that for a period of two (2) years after the termination of this agreement, regardless of the cause of termination, [they] shall not, either directly or indirectly, for [themselves] or on behalf of or in conjunction with any other person, persons, partnerships or corporations; own, maintain, engage in or participate in the operation of any NTN type business covering the exclusive territory granted hereunder.

D.      [Defendants] shall not, during the term of this Agreement or after it's [sic] termination, for any reason whatsoever, communicate or divulge to any other person, persons, partnerships or corporations, any information or knowledge concerning the methods, preparation, promotion, sale, marketing, sale or distribution used in the NTN business, nor shall [Defendants] disclose or divulge in whole or in part any trade secrets or private processes of "NTN" or it's [sic] affiliated companies.

E.      Covenants contained in this paragraph XIII shall be construed as severable and independent, and shall be interpreted and applied consistent with the requirements of reasonableness and equity.  Any judicial reformation of these covenants consistent with this interpretation shall be enforceable as though contained herein, and shall not effect [sic] any other provisions or terms of this Agreement.

### Facts Leading to the Current Dispute

14.     The Agreement expires on December 1, 2005 unless renewed by the parties.

15.    NTN offered to renew the Agreement.

16.    Defendants have declined to renew the Agreement.

17.    Defendants have established a business known as "Real Screening."

18.    "Real Screening" is in the business of, *inter alia*, landlord tenant screening. A true and accurate copy of pages from the website www.realscreening.com are attached to the Complaint as Exhibit B. Those pages show the business activities of "Real Screening."

19.    Defendants have, during the term of the Agreement, and using letterhead bearing the trademark of NTN, attempted to divert the business of customers of NTN to Real Screening. Furthermore, Defendants have made clear their intent to continue to attempt to divert the business of customers of NTN to Real Screening in the future. A true and correct copy of a letter directed to a customer of NTN serviced by Defendants showing these solicitations is attached as Exhibit C.

20.    The activities of Bailey and Brown are in breach of their obligations to NTN.

21.    NTN has fully performed all of its obligations under the Agreements.

22.    Defendants' conduct has caused and will continue to cause harm to NTN in lost sales and goodwill, which damages cannot be fully compensated in damages.

23.    There exists an actual controversy between the parties, evidenced in part by Defendants' communications to customers of NTN, as to the enforceability of the covenants contained in the Agreement as those covenants relate to the conduct of Defendants after the Agreement is terminated.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

24.    NTN incorporates by reference the allegations of paragraphs 1 through 23 as though set forth in full herein.

25.     The  Agreement is a valid, binding and enforceable contracts between Bailey, Brown and NTN.

26.     NTN has performed all conditions required by it under the Agreement or all such conditions have been waived or excused.

27.     Bailey and Brown have materially breached the Agreement by, among other things, seeking to divert business of customers of NTN away from NTN.

28.     NTN has suffered and continues to suffer severe and irreparable harm as a result of Bailey and Brown's breaches of the Agreement, and has no adequate remedy at law that will fully compensate NTN for its injury and harm.

## COUNT II
## DECLARATION OF RIGHTS

29.     NTN incorporates by reference the allegations of paragraphs 1 through 23 as though set forth in full herein.

30.     Defendants have declared, through their communications with customers of NTN, that they do not intend to abide by the covenants contained in the Agreement between the parties and, in particular, those covenants relating to engaging in business competitive to the business of NTN and the diversion of business away from NTN.

31.     This Court should enter a declaratory judgment in NTN's favor that the covenants contained in the Agreement are valid and enforceable.

## COUNT III
## UNFAIR COMPETITION

32.     NTN incorporates by reference the allegations of paragraphs 1 through 23 as though set forth in full herein.

33.     Defendants have unfairly competed with NTN by, among other things, taking the goodwill, trade secrets and other confidential commercial information of NTN and agreeing and attempting to transfer that goodwill, trade secrets and other confidential commercial information to themselves and/or Real Screening.

34.     NTN has suffered and continue to suffer severe and irreparable harm as a result of Defendants' acts of unfair competition, including but not limited to loss of goodwill and business relationships, resulting in NTN having no adequate remedy at law that will fully compensate NTN for its injury and harm.

WHEREFORE, NTN respectfully requests the following relief:

1.     An award of preliminary and permanent injunctive relief to prevent the defendants, their agents, servants, employees, and those persons in active concert or participation with them, from violating the restrictions on competitive activities contained in the Agreement;

2.     An award of preliminary and permanent injunctive relief to prevent the defendants, their agents, servants, employees, and those persons in active concert or participation with them, from operating Real Screening or any other entity offering tenant screening services;

3.     A declaration that the covenants contained in the Agreement relating to the activities of Defendants after termination of the Agreement are valid, binding and enforceable;

4.     An award of damages according to proof;

5.     An award of NTN's costs and reasonable attorney's fees incurred in seeking this relief;

6.     All other just and proper relief.

Respectfully submitted,

By: _____
Dwight D. Lueck
Spencer P. Goodson
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
(317) 236-1313

Counsel for Plaintiff, National
Tenant Network, Inc.

INDS02 DDL 769927v1

- 7 -